**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

COURTNEY MACKINTRUSH                                                                 PETITIONER
Reg. #25467-009

V.                            NO. 4:15CV00667-JLH-JTR

J.A. KELLER, Regional Director,
South Central Regional Office,
Federal Bureau of Prisons, et al.                                                    RESPONDENTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Background**

Pending before the Court is a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Courtney Mackintrush ("Mackintrush"), who is currently incarcerated at the Pulaski County Detention Facility ("PCDF") as a federal inmate. *Doc. 1*. Before

addressing the merits of this habeas action, the Court will review the relevant procedural history giving rise to Mackintrush's claims.

On April 9, 2010, Mackintrush received a federal sentence of eighty-four months in the United States Bureau of Prisons ("BOP") for possession of a stolen firearm, followed by three years of supervised release. *Doc. 3-1 at 5-8*; *see United States v. Mackintrush*, E.D. Ark. Case No. 4:09CR00014-JLH.

On March 25, 2015, Mackintrush was transferred from USP-Beaumont to City of Faith, a Residential Reentry Center ("RRC") in Little Rock, to serve the remainder of his federal sentence. *Doc. 3-1 at 13, 22*. His projected release date was May 20, 2015. *Id. at 13*.

On April 18, 2015, Mackintrush was involved in an incident at the RRC, during which he destroyed or damaged property.[1] *Id. at 10-11, 13*. Little Rock police officers arrived on the scene, arrested Mackintrush, and took him to the PCDF. He was subsequently charged in state court with second-degree criminal mischief. *Id.*

Because of his arrest, the RRC placed Mackintrush on "technical escape status," effective April 18, 2015, and the BOP requested the United States Marshals Service ("USMS") to lodge a federal detainer against Mackintrush. *Id. at 11, 13, 16-17*.

---

[1]According to the BOP's incident report, Mackintrush "turned over furniture, destroyed the flower pot, tore the water fountain away from the wall, tossed a trash can across the room, used a stool to smash the glass on the main entrance door, destroyed the computer monitor, and tore information off the notice board." *Doc. 1 at 11*.

On June 22, 2015, Mackintrush appeared in Pulaski County Circuit Court and entered a guilty plea to the criminal mischief charge. He was sentenced to one year in the PCDF, with sixty-six days of jail credit *Id. at 11, 16, 18.*

On September 21, 2015, Mackintrush completed his state sentence. Thereafter, he remained in the PCDF as a federal prisoner, pursuant to the federal detainer. *Id. at 11, 17, 22, 34.* Mackintrush's current projected release date from the PCDF is December 23, 2015. *Id. at 20-21, 34*. In calculating the new release date, the BOP considered the period from April 19, 2015 through September 21, 2015 to be "inoperative time." *Id. at 21*.

In this § 2241 action, Mackintrush argues that: (1) the BOP "illegally stopped/suspended" his federal sentence at the time of the April 18, 2015 incident, when it should have continued running; and (2) the BOP and the USMS "erroneously relinquished ... primary jurisdiction" over him to state authorities on that date. According to Mackintrush, he completed serving his federal sentence, at the latest, on July 20, 2015, *i.e.,* his original projected release date of May 20, 2015, plus a sixty-day sanction he received from the BOP for the April 18, 2015 incident. *Doc. 1 at 6-10*. Respondents argue that Mackintrush's claim is without merit. *Doc. 3*.

For the reasons that follow, the Court recommends that this § 2241 action be dismissed with prejudice.

## II. Discussion

Under BOP policy, if an inmate within the "extended limits of [federal] confinement," *e.g.*, a facility such as a RRC, is arrested by state or local authorities as a result of new unrelated criminal activity, the inmate is considered to be in "escape status." BOP Program Statement 5550.06 ¶ 8 (1999) (*Doc. 3-1 at 27-32)*. This policy is based, in part, on 18 U.S.C. § 4082(a), which provides:

> The willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facility designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General punishable as provided in chapter 35 of this title.

When an inmate is in "escape status," his federal sentence becomes "inoperative." The sentence does not resume running: (1) until he returns to federal custody; or (2) the BOP designates the location where he is serving any new state or local sentence as the place to serve his existing federal sentence. BOP Program Statement 5880.30 ch. V ¶ 2(a) (1993) (*Doc. 3-1 at 24-26)*; *see* 18 U.S.C. § 3568 (inmate is entitled to credit toward service of his federal sentence only for "days spent in custody in connection with the offense or acts for which the sentence was imposed").

This Court must defer to the BOP's policies as long as they are based on a "permissible construction" of the applicable statutes. *Reno v. Koray*, 515 U.S. 50, 61 (1995). The BOP's policies (as contained in BOP Program Statements 5550.06 and

5880.30) are reasonable interpretations of the applicable statutes, and are based on established law. *See Anderson v. Corall*, 263 U.S. 193, 196 (1923) ("Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term."); *United States v. Luck*, 664 F.2d 311, 312 (D.C. Cir. 1981) ("It is well established that when the service of a sentence is interrupted by conduct of the defendant the time spent out of custody on his sentence is not counted as time served thereon."); *Palacio v. Schultz*, 2007 WL 895770, *5 (D.N.J. Mar. 21, 2007) (deferring to BOP's interpretation of its own policies and finding that habeas petitioner's arrest "falls squarely within the BOP's definition of 'escape' from a [community corrections center]").

Thus, the Court must defer to the BOP's reasonable and permissible construction of its own policies and related federal statutes, which provide that Mackintrush's federal sentence stopped running on April 18, 2015 when he was arrested by state authorities and removed from the RRC; thereby making him an "escapee." At the time of his arrest, the BOP did *not* designate the PCDF as the place for him to serve the remainder of his federal sentence. On September 22, 2015, after completion of his new state sentence, Mackintrush once again became a federal inmate, and his federal sentence resumed.

Finally, Mackintrush is not entitled to relief under the "primary jurisdiction"

doctrine. The federal government lost primary jurisdiction of Mackintrush upon his "escape," and it did not regain primary jurisdiction until he completed serving his state sentence on September 21, 2015. *See Newell v. Page*, 362 F.2d 538, 539 (10th Cir. 1966) ("Appellant by his own act of escape interrupted his right to continuous service of his [federal] sentence and cannot complain of the acts of comity between sovereigns or the imposition and service of other lawful sentences that prolonged, again through his own conduct, the interruption of service of his original sentence."); *Fisher v. Holinka*, 2008 WL 4330560, *4 (W.D. Wis. Mar. 24, 2008) (state obtained primary jurisdiction by arresting inmate after escape from federal prison).

Accordingly, the Court recommends that this § 2241 habeas action, challenging the calculation of Mackintrush's federal sentence, be dismissed because it is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2241 Petition for

Writ of Habeas Corpus, *Doc. 1*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

DATED THIS 14th DAY OF December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE